IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| HOWARD ALLEN YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) CV 123-155 |
| UNITED STATES ARMY,[1] | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, alleges he was wrongfully discharged/terminated by the U.S. Army at age seventeen for a juvenile conviction in which he did not have proper legal counsel. (Doc. no. 1, pp. 4, 8.) After paying a fine, Plaintiff was not given an honorable discharge, mental health evaluation, or a disability evaluation. (Id. at 4.) Plaintiff seeks military disability, discharge upgrade, backpay, full retirement, and three million dollars in punitive damages for his wrongful discharge. (Id.)

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327,

---

[1] The Court **DIRECTS** the **CLERK** to update the Defendant's name in accordance with the above caption, which is consistent with Plaintiff's complaint. (See doc. no. 1.)

1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Plaintiff asserts federal question jurisdiction under the "Fifth, Sixth, and/or Fourteenth Amendment, Due Process, [and] ineffective assistance of counsel." (Doc. no. 1, p. 3.) The core of Plaintiff's claims, however, rests on his alleged wrongful discharge from the U.S. Army based on his juvenile conviction and Plaintiff requests for relief: military disability, discharge upgrade, backpay, full retirement, and three million dollars in punitive damages. (Id. at 4.)

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Campbell v. United States, 962 F.2d 1579, 1581 (11th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Under the Tucker Act, the United States has waived sovereign immunity for certain types of actions. See 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . upon any express or implied contract with the United States . . . Army."). The Tucker Act both waives sovereign immunity for and grants the Court of

2

Federal Claims exclusive jurisdiction over actions against the United States for monetary damages of more than $10,000.  Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urb. Dev., 480 F.3d 1116, 1121 (Fed. Cir. 2007); Keller v. Merit Sys. Prot. Bd., 679 F.2d 220, 222 (11th Cir. 1982) (*per curiam*).

Because Plaintiff seeks monetary damages in the form of military disability, a discharge upgrade, backpay, full retirement, and three million dollars in punitive damages, this Court does not have jurisdiction over Plaintiff's claims.  See 28 U.S.C. § 1491(a)(1); Friedman v. United States, 391 F.3d 1313, 1315 (11th Cir. 2004) (*per curiam*) (Under the Tucker Act, "[t]he Court of Federal Claims has jurisdiction over all claims above $10,000."); McCarthy v. Toro, No. 3:18-CV-121-MMH-LLL, 2023 WL 2305613, at *6-*7 (M.D. Fl. Mar. 1, 2023) (holding no subject matter jurisdiction in district court under 28 U.S.C. § 1491 for Plaintiff's claims of wrongful military discharge, backpay, military benefits, and retirement credits; rather, claims should be in Court of Federal Claims); Turner v. United States, No. 15-0666-KD-B, 2016 WL 7404865, at *2 (S.D. Ala. Dec. 21, 2016) (holding Plaintiff's wrongful military termination and backpay claims exceed jurisdictional amount of 28 U.S.C. § 1491(a)(1), thus, claims should be in Court of Federal Claims).

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** based on lack of subject matter jurisdiction and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of December, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA